UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-52-RJC-DSC

| | | |
|---|---|---|
| LINDA BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NC DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff Linda Bennett ("Plaintiff"), who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Application"), (Doc. No. 2), on January 31, 2012. The Court granted Plaintiff's IFP Application on April 13, 2012 and ordered Plaintiff to file a copy of her Charge of Discrimination that she filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 3).

## I.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (holding that the statute gives courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). In assessing whether

Plaintiff's claim fails to state a claim on which relief may be granted, the Court uses the same standard for a dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. BACKGROUND

Plaintiff alleges that she was fired from the North Carolina Department of Corrections ("Defendant") on October 25, 2010 because of gender discrimination. (Doc. No. 1 at 3). Plaintiff filed a Charge of Discrimination with the EEOC raising this allegation on December 15, 2010. (Doc. No. 4). The EEOC notified Plaintiff of her right to sue on October 31, 2011. (Doc. No.1 at 7). Plaintiff filed her complaint with this Court on February 1, 2010. (Id. at 6).

## III. ANALYSIS

Title VII plaintiffs must file their complaint within 90 days of receiving notice from the EEOC that the Commission has completed its investigation and that the plaintiff has the right to
Case 3:12-cv-00052-RJC-DSC   Document 5   Filed 05/25/12   Page 2 of 4

sue. 42 U.S.C. § 2000e-16(c). Plaintiff filed her complaint in this Court 92 days after the EEOC drafted its notice of right to sue letter. Plaintiff did not plead the date upon which she received the letter. "Where the date of actual receipt of the right-to-sue letter is verified by evidence, that date controls. However, if the date of receipt is at issue, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules." Grey v. Henderson, 169 F. Supp. 2d 448, 451 (4th Cir. 2001) (internal citations and quotations omitted). If Plaintiff received the notice on November 3, 2011, her February 1, 2012 filing was timely.

"In order to state a claim for relief, Plaintiff['s] complaint need not make out a prima facie case of employment discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). Rather, it must allege facts sufficient to nudge [her] claims across the line from merely conceivable to plausible . . ." Bannister v. Wal-Mart Stores East, L.P., No. 4:11-cv-94, 2012 489239, at *6 (E.D.N.C. Feb. 14, 2012) (Boyle, J.). In Swierkiewicz, the Supreme Court held that the McDonnell Douglas framework is merely an evidentiary standard by which a plaintiff's claims are often judged upon summary judgment and that a plaintiff's statement of claim is sufficient if it passes Rule 8(a)'s requirements. Swierkiewicz, 534 U.S. at 513.

Plaintiff's claim passes this threshold. Plaintiff's form complaint alleges that she was fired after an incident in which an inmate touched her face. (Doc. No. 1 at 4, 12-14). Plaintiff defended herself and pushed him away, but failed to report the incident to her superiors. (Id.). Plaintiff alleges that her superiors claimed that she was in a relationship with the inmate and fired her on that basis. (Id. at 4, 15). Plaintiff alleges "that management has treated while males more favorably under same or similar circumstances." (Doc. No. 4 at 3). This is sufficient to notify Defendant of Plaintiff's claims against it.

## IV. CONCLUSION

Plaintiff has adequately stated a claim for gender discrimination. The Clerk of Court shall issue a summons for service upon Defendant North Carolina Department of Corrections and the United States Marshal shall serve Defendant as required by 28 U.S.C. § 1915(d).

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall issue a summons for service upon Defendant North Carolina Department of Corrections; and

2. The United States Marshal shall serve Defendant.

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge