```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
        3:12-cv-052-RJC-DSC
```

| | |
|---|---|
| LINDA BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint, (Docs. 1, 4); and Defendant's Motion to Dismiss and Supporting Memorandum (Docs. 35, 36). For the reasons that follow, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed.

**I.     BACKGROUND**

Plaintiff Linda Bennett, who is proceeding pro se, has been employed as a Correctional Officer with Lanesboro Correctional Institute, North Carolina Department of Corrections, from 2003 until she was discharged on October 25, 2010. (Doc. 4 at 2). On October 25, 2010, Plaintiff was informed that she was being discharged from her position with Defendant for using unnecessary force against an inmate and failing to report the incident. (Id. At 3). In her Complaint, Plaintiff states that she used force against the inmate to defend herself and that she failed to report the incident because the management accused her of being in a relationship with the inmate, which consequently meant automatic termination. (Doc. 1 at 4). Plaintiff alleges that her discharge was due to discrimination rather than her personal conduct because management had treated white males more favorably under similar circumstances. (Doc. 4 at 3). Plaintiff

1

further alleges that she has been discriminated against because of her race and sex, and retaliated against for filing a previous charge of employment discrimination, in 2009, against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Id.)

On December 15, 2010, Plaintiff filed a charge of discrimination with the Civil Rights Division of the Office of Administrative Hearings ("OAH") which was dually filed with the EEOC for an action for race, sex discrimination, and retaliation. (Id. at 2). On October 31, 2011, the EEOC provided Plaintiff with a Notice of Right to Sue letter, which mandated that the suit be filed in the appropriate Court within 90 days of the receipt of Notice. (Doc. 1 at 7). Plaintiff filed her Complaint in this Court on January 1, 2012, alleging three causes of action: employment discrimination, breach of contract, and defamation. (Doc. 1 at 5). Defendant has moved to dismiss Plaintiff's claims pursuant to the provisions of Rules 12(b)(1), 12(b)(2), and 12(b)(6). (Docs. 35-36).

## II.    STANDARD OF REVIEW

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). Where, as here, a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Therefore, the district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

While considering Defendant's Motion, the Court remains mindful of Plaintiff's pro se status. Pro se filings are to be liberally construed and must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted).

**III.   DISCUSSION**

   A.   Title VII Claim

Before a federal court may assume jurisdiction over a claim under Title VII the plaintiff must first file a charge of discrimination with the EEOC. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). This requirement allows the EEOC to determine whether to pursue the charge on the plaintiff's behalf, or to issue a valid right-to-sue notice allowing a plaintiff to file suit in district court. Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137 (4th Cir. 1995); 42 U.S.C. § 2000e-5(b). However, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300; see also Davis, 48 F.3d at 140 (noting that claimant may not proceed to federal district court until state or local administrative remedies have been exhausted). In circumstances in which "the alleged discrimination occurs in a state that has enacted a law 'prohibiting the unlawful employment practice alleged' and has 'establish[ed] or authorize[ed] a State or local authority to grant or seek relief from such practice'," the plaintiff must seek relief from the state agency before filing a charge with the EEOC. New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 62 (1980).

Specifically, 42 U.S.C. § 2000e-5(c) provides that "no charge may be filed [with the EEOC] under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such

proceedings have been earlier terminated." 42 U.S.C. § 2000e-5(c); see also Kremer v. Chemical Constr. Corp., 456 U.S. 451 (1982) ("Only after providing the appropriate state agency an opportunity to resolve the complaint may an aggrieved individual press his complaint before the EEOC."). A Title VII plaintiff can satisfy this requirement by one of two ways. First, a plaintiff may file a claim under state law with the appropriate state agency and then proceed to the EEOC after waiting the requisite sixty days. Davis, 48 F.3d at 137. Alternatively, if the plaintiff filed her complaint with the EEOC, which then referred it to the state, "the EEOC automatically [will] assume [ ] concurrent jurisdiction of the complaint when state proceedings terminate, or upon expiration of the 60-day deferral period, whichever comes first." Id. (alterations in the original) (quoting New York Gaslight, 447 U.S. at 64). North Carolina has proscribed employment discrimination by state agencies and has designated a state agency, the Office of Administrative Hearing ("OAH"), as the referral agency for claims filed by state employees with the EEOC and as the agency to review charges of discrimination filed by designated state and local employees. N.C. Gen. Stat. § 7A-759.

As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing she exhausted administrative requirements of Title VII. Here, Plaintiff simply failed to provide any evidence indicating that she either filed her complaint with the OAH sixty days before proceeding to the EEOC, that the EEOC referred her complaint to the OAH for a period of sixty days as required by 42 U.S.C. § 2000e-5(c), or that the OAH proceeding was terminated. See Greene v. Swaine Cnty. P'ship for Health, 342 F.Supp.2d 442, 448 (W.D.N.C. 2004) (citing Davis, 48 F.3d at 139-40). First, instead of filing her OAH claim sixty days before proceeding to the EEOC Plaintiff dually filed her OAH and EEOC complaint on December 15, 2010. (Doc. 4 at 2). Second, Plaintiff has not provided any evidence indicating that the EEOC referred her

complaint to the OAH for the required sixty day referral period or that she requested the OAH to refer her complaint. Although Plaintiff obtained a Notice of Right to Sue from the EEOC, this Notice by itself does not give federal courts subject matter jurisdiction unless all administrative remedies required by 42 U.S.C. § 2000-5(b) have been exhausted. See Davis, 48 F.3d at 138 (noting that claimant may not proceed to federal district court until state remedies have been exhausted). Here, Plaintiff has failed to meet her burden of establishing that she has exhausted the administrative requirements of Title VII. For this reason, the Court grants Defendant's Motion to Dismiss on Plaintiff's Title VII claim.

  B. <u>Breach of Contract and Defamation Claims</u>

In her Complaint, Plaintiff also seeks damages from Defendant based upon theories of breach of contract and defamation, which both arise under North Carolina state law. "A district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary." <u>Carlsbad Technology, Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009). 28 U.S.C. § 1367(c) provides that a court may decline supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Under the authority of 28 U.S.C. § 1367(c), "a district court has inherit power to dismiss the case or, in cases removed from State court, to remand, provided the condition set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." <u>Hinson v. Norwest Fin. S.C., Inc.</u>, 239 F.3d 661, 617 (4th Cir. 2001).

Here, the Court finds that the condition set forth in § 1367(c)(3) has been met. This Court has original jurisdiction over Plaintiff's Title VII claim; however, here the Court has dismissed this claim. Therefore, the only claims remaining are state claims: breach of contract and defamation claims. Due to the dismissal of the Title VII claim over which this Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction of the remaining claims and dismisses the state law claims without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. 35), is **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. The Clerk of Court is directed to close this case.

Signed: October 7, 2014

Robert J. Conrad, Jr.
United States District Judge